(Pleito No. 236.—Fallado el 20 de Diciembre de 1902). '

## Mollfulleda contra Elzaburu.

Recurso contra sentencia dictada por la Corte de Distrito de San Juan.

Desahucio. La persona que haya adquirido el dominio de un inmueble, el cual dominio constare inscrito en el Registro de la Propiedad, es parte legítima para ejercitar la acción de desahucio.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á veinte de Diciembre de mil novecientos dos, en el juicio de desahucio de una porción de terreno, seguido en la Corte del Distrito de San Juan por Don Pedro de Elzaburu y Vizcarrondo, propietario, vecino de esta Ciudad, con Don Juan Mollfulleda, industrial y también vecino de esta Capital; pendiente ante Nos en virtud de recurso de casación por infracción de ley interpuesto por el demandado, dirigido y representado por el Letrado Don Manuel F. Rossy, habiéndolo estado el demandante y recurrido por el Licenciado Don Jacinto Texidor y Alcalá.—Resultando: Que Don Pedro de Elzaburu y Vizcarrondo compró al Estado una finca rústica sita en el barrio de Sabana-llana, término municipal de Río Piedras, en el lugar denominado Honduras, compuesta de ciento doce cuerdas y mil novecientos veinte y una varas cuadradas, teniendo entre los colindantes por el sur á la sucesión de Luis Vázquez, y se otorgó á favor de aquél en diez y siete de Octubre de mil ochocientos noventa y ocho por el Secretario del Despacho de Hacienda Don Julián E. Blanco la correspondiente escritura de venta, que fué inscrita en el Registro de la Propiedad, en diez y nueve de Diciembre del mismo año.—Resultando: Que á petición de dicho Elzaburu se requirió en treinta y uno de Enero de mil novecientos á Don Juan Mollfulleda para que desalojara y dejase á su disposición la expresada porción de terreno; y en veinte y siete de Marzo del citado año, dedujo

contra el mismo, en la Corte del Distrito de San Juan, demanda de desahucio, acompañando el plano de su finca y alegando : que no obstante la referida escritura inscrita y el requerimiento hecho á Mollfulleda para que la desalojara, la retenía sin título alguno, siendo tenedor precario, puesto que no pagaba merced ; que había transcurrido un mes desde el requerimiento, y lo dispuesto en los artículos 1,562 y 1,563, caso 3º de la Ley de Enjuiciamiento Civil.—Resultando : Que en el juicio verbal pidió Mollfulleda se declarase no haber lugar al desahucio, por lo que se le confirió traslado de la demanda, y presentó, en su consecuencia, escrito en que, comenzando por solicitar se le absolviese de la demanda declarándose no haber lugar al desahucio, con imposición de las costas al demandante, sentó después como hechos, que entre los colindantes, por la parte sur, según la escritura del actor, está la sucesión de Luiz Vázquez; que él posee en el mismo barrio unos terrenos que fueron de la sucesión Vergne, que no colindan con los del demandante, puesto que desde la colindancia norte, según su escritura, hasta la porción por el demandado poseída hay cinco fincas, y alegó como derecho la excepcion de *sine actione agis*, y, además, que por medio de un juicio de desahucio no puede deducirse la acción de dominio, puesto que éste se presupone para pedir el desahucio á título de dueño, y que tampoco es el desahucio el medio adecuado para pretender el deslinde y amojonamiento de una propiedad.—Resultando : Que en el período de pruebas se cotejó la escritura con la matriz y resultó conforme; se trajo copia certificada de la memoria de la Intendencia que sirvió para el otorgamiento de la escritura de venta y coinciden perfectamente en cabida, sitio y linderos, observándose que en dicha memoria se expresa que colinda por el sur, entre otros, con la sucesión de Luis Vergne, en vez de la sucesión de Luis Vázquez, que por ese mismo punto expresa la escritura; se nombró un perito, con la conformidad de ambas partes, y dictaminó manifestando que el plano acompañado á la demanda está

matemáticamente calcado del que obra en el expediente que
existe en el Departamento del Interior; se hizo por dicho
perito el replanteo del plano presentado por el demandante
y asegura que las colindancias antiguas y actuales están
bien relacionadas, por lo que la finca de ciento doce cuerdas
y mil novecientas veinte y una varas cuadradas resulta
identificada, á pesar de la pequeña diferencia de menos en
la extensión que alcanza á una cuerda, ochocientos sesenta y
tres milésimas de otra, debido sin duda á que hacía diez
años se hizo el trabajo por el Ingeniero de Montes, después
de cuya fecha ocurrió el ciclón, que pudo haber borrado la
posición exacta de los puntos que determinó dicho inge-
niero.—Resultando: Que el demandado no presentó título
alguno, ni, según el Alcalde, aparece en los repartos de
contribuciones correspondientes á los años de mil ochocien-
tos noventa y nueve á mil novecientos, y mil novecientos á
mil novecientos uno, con finca rústica alguna en el barrio de
Sabana-llana, del término municipal de Río Piedras, mani-
festando el comisario del barrio que entre la colindancia del
norte, de la escritura del actor y la finca que fué de la
sucesión Vergne y luego de Don Juan Mollfulleda, existen
varias fincas en las cuales puede haber de mil doscientas
á mil quinientas cuerdas.—Resultando: Que seguida la
correspondiente tramitación, el Tribunal de este Distrito por
sentencia de diez y seis de Abril último, desestimó las
excepciones opuestas por el demandado, y declaró haber
lugar al desahucio, bajo el apercibimiento de la ley y con
imposición al demandado de todas las costas.—Resultando:
Que Don Juan Mollfulleda interpuso recurso de casación por
infracción de ley, autorizado por los números 1 y 7 del
artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando
haberse infringido:—1º El artículo 1,562 de dicho texto
legal, porque Elzaburu no ha estado nunca en posesión real
del terreno de que intenta desahuciar al recurrente, no
siendo por tanto aquél parte legítima para promover el
juicio de desahucio.—2º El párrafo 3 del 1,563 de la men-

cionada Ley, puesto que el demandado no posee en precario,
sino á título de dueño.—3º El artículo 348 del Código
Civil y la sentencia del Supremo de España, de diez y seis
de Enero de mil novecientos uno, pues Elzaburu, que se
cree dueño de esa porción de terreno, debió ejercitar la
acción reivindicatoria y justificar el dominio y la identidad
de la cosa.—4º Los artículos 1,471 y 1,472 del Código
anteriormente citado, pues el actor debió reclamar á quien
le vendió la finca, la totalidad de ella comprendida dentro
de los linderos que la escritura expresa, pero dejó transcurrir
los seis meses desde la fecha del otorgamiento hasta la en que
se requirió al recurrente para el desalojo, y hoy pretende que
éste se la complete por medio de un desahucio.—5º La doc-
trina del Tribunal Supremo de España, citada en el motivo 3º
de este recurso, puesto que el desahucio no procede cuando
se trata de cuestión que afecte á la propiedad.—6º Error de
hecho al apreciar el Tribunal sentenciador la escritura de
venta, de diez y siete de Octubre de mil ochocientos no-
venta y ocho, presentada por el actor, porque la sentencia
rectifica la colindancia por el sur de la sucesión de Luis
Vázquez, sustituyéndola con la sucesión de Luis Vergne,
para llegar hasta los terrenos del recurrente.—Igual error
se ha cometido cuando se apreció el informe del comisario,
quien manifestó que desde la colindancia norte hasta los
terrenos de la sucesión de Luis Vergne, hay de mil dos-
cientas á mil quinientas cuerdas de cabida, sin que pueda
tenerse en cuenta el plano, porque, además de no haberse
traído el original al pleito, no se vendió ni se inscribió la
finca por el plano, sino por la escritura.—7º Error de dere-
cho, infringiéndose el artículo 1,218 del Código Civil, por-
que la escritura hace prueba del hecho que motiva el otorga-
miento, y si ese documento es defectuoso por alguna falta,
solo valdrá como documento privado, y en este caso también
se ha infringido el artículo 1,223 del mismo Código.—8º
La sentencia del Tribunal Supremo, de trece de Julio de
mil ochocientos noventa y cuatro, que sostiene la doctrina de

que nadie puede ir válidamente contra aquello que solemnemente ha consentido, y por eso el Tribunal ha infringido también los artículos 1215, 1218, 1232 y 1244 del Código citado, puesto que Elzaburu aceptó todas las colindancias que expresaba la escritura de venta.—9º El artículo 631 de la Ley de Enjuiciamiento Civil, porque la prueba pericial debe apreciarse según las reglas de sana crítica sin que los Tribunales estén obligados á aceptar esa prueba, y no hay regla alguna de crítica racional que autorice á alterar el documento público aceptado por el actor, con el resultado de un dictamen pericial, como se ha realizado al sustituir la colindancia de la sucesión de Luis Vázquez, de que trata la escritura referida, por la de la sucesión de Luis Vergne.— Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando.: Que el motivo primero del recurso es improcedente, puesto que consta que el que ha ejercitado la acción de desahucio ha adquirido el dominio de la finca en cuestión por escritura pública debidamente registrada.—Considerando: Que esto mismo sucede respecto al segundo, toda vez que el recurrente ni siquiera ha intentado probar que tenga título alguno, de donde resulta justificado el precario que sirve de fundamento á la demanda.—Considerando: En cuanto á los motivos tercero, cuarto y quinto, que en esta clase de juicios deben limitarse los Tribunales á examinar y resolver la procedencia de la acción ejercitada, en relación con la persona que es objeto del desahucio, según la sentencia del Tribunal Supremo de España, de ocho de Abril de mil ochocientos noventa y siete; y de esta doctrina resulta que ni pudo tener ni tuvo en cuenta la Corte sentenciadora las cuestiones que en dichos motivos hoy por primera vez se plantean, ni son pertinentes á la cuestión debatida, puesto que el artículo 348 se refiere á la propiedad y los 1,471 y 1,472 hacen relación á la entrega por el vendedor del complemento de la cosa vendida y al término de la prescripción de las acciones á que dichos artículos se refieren, y de nada de esto se ha

tratado ni existen las relaciones de comprador y vendedor entre el recurrente y la parte recurrida.—Considerando: Que es de todo punto baldío entrar en la discusión de si se han cometido ó no los errores de hecho y de derecho en los particulares de prueba á que aluden los motivos sexto, séptimo, octavo y noveno del recurso, porque la parte dispositiva de la sentencia, en congruencia con la demanda y contestación, y atendiendo á la especial naturaleza de esta clase de juicios, ha resuelto sustancialmente que es parte legítima el demandante para gestionar el desahucio y que ha justificado el precario que se alegó, y sobre esos puntos es que solamente han podido alegarse infracciones, como se ha hecho de modo pertinente, aunque sin fruto, en los motivos primero y segundo.—Considerando, por tanto: Que no se han cometido ninguna de las alegadas en los diferentes motivos del recurso.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso interpuesto por Don Juan Mollfulleda, á quien condenamos al pago de las costas; líbrese á la Corte del Distrito de San Juan la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la Colección de este Tribunal Supremo, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte de Diciembre de mil novecientos dos.—Antonio F. Castro, *Secretario.*